IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

Earl Kazuichi Fujikawa,

     Plaintiff,

    vs.

One West Bank, FSB dba Indymac
Mortgage Services; Loan
Network, LLC; John DOES 1-10;
Jane ROES 1-10; DOE
Corporations, Partnerships or
Other Entities 1-10,

     Defendants.

Civ. No. 11-00151 HG-KSC

**ORDER GRANTING DEFENDANT ONEWEST BANK, FSB'S MOTION TO DISMISS,
WITH LEAVE TO FILE A MOTION TO AMEND**

On March 9, 2011, Plaintiff Earl Kazuichi Fujikawa filed an
eleven-count Complaint asserting various claims in connection with
a mortgage loan transaction. On May 27, 2011, Defendant OneWest
Bank, FSB[1] filed a Motion to Dismiss. The Motion is **GRANTED, WITH
LEAVE TO FILE A MOTION TO AMEND**. Plaintiff must attach a proposed
amended complaint to any motion for leave to amend.

**PROCEDURAL HISTORY**

On March 9, 2011, Plaintiff Fujikawa ("Plaintiff") filed a
Complaint. (Doc. 1).

_____

[1]The caption of the Complaint names "One West Bank, FSB" as
a Defendant. Plaintiff has not disputed that this Defendant's
name is "OneWest Bank, FSB."

1

On May 27, 2011, Defendant OneWest Bank, FSB ("Defendant") filed a Motion to Dismiss. (Doc. 9). On the same date, Defendant filed a Request to take Judicial Notice of copies of a mortgage and related documents. (Doc. 11).

On June 13, 2011, Plaintiff filed an Opposition. (Doc. 19).

On June 27, 2011, Defendant filed a Reply. (Doc. 20).

On June 27, 2011, Plaintiff filed a Supplemental Request to take Judicial Notice of eight orders issued by United States District Courts within the District of Hawaii. (Doc. 22).

On July 7, 2011, the Court held a hearing on the Motion to Dismiss.


**BACKGROUND**

Plaintiff's Complaint contains a series of vague factual allegations that do not appear to be in chronological order. Plaintiff alleges that he obtained a mortgage loan. (Doc. 1 at ¶ 6). He does not say who he obtained the loan from or the date that the transaction took place.

Plaintiff alleges that OneWest Bank and the Loan Network LLC acted improperly in connection with the loan transaction. Plaintiff alleges that OneWest ("and/or its employees and agents") overstated his income on his loan application, without his knowledge, to increase his chances of qualifying. (Complaint at ¶¶ 14-16). Among various other wrongs, Plaintiff alleges that he was

not provided with initial loan disclosures, a dated good faith estimate, or a signed and dated truth in lending statement. (Id. at ¶¶ 17-22). Plaintiff alleges a laundry-list of similar wrongs allegedly committed by OneWest and the Loan Network LLC in connection with the mortgage.

Defendant OneWest Bank, FSB ("OneWest") filed a request that the court take Judicial Notice of copies of the mortgage contract that is the subject of the Complaint, an assignment of the mortgage, and related documents. (Docs. 11-1 to 11-7). Plaintiff questions the authenticity of these documents on the ground that OneWest has not produced the originals for comparison. Plaintiff does not identify any inaccuracies in the copies submitted by OneWest. The Court assumes that Plaintiff has access to these public records, has reviewed them given that they are central to his claims, and if the copies submitted by OneWest were inaccurate would either point that out or produce genuine copies. A district court "ruling on a motion to dismiss may consider documents whose authenticity no party questions, but which are not physically attached to the pleading." Parrin v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) (internal citation and quotation marks omitted), *superseded by statute on other grounds*. Plaintiff has presented no grounds to question the authenticity of the documents submitted by OneWest. Counsel for OneWest signed a statement indicating that the documents are all true and correct copies. (Doc. 11). Pursuant

to Federal Rule of Evidence 201, the Court takes judicial notice of the copies of the mortgage, assignment of the mortgage, and related documents, because they are public documents. <u>See</u> <u>Cootey v. Countrywide Home Loans, Inc.</u>, 2011 WL 2441707, at *1 n. 2 (D. Haw. 2011); <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings.").

The mortgage for the subject property identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee, as "nominee" for the Loan Network LLC (the lender). (Doc. 11-1). It was signed by the Plaintiff on December 28, 2007. (Doc. 11-1). The Assignment of the Mortgage reflects that MERS assigned the mortgage to OneWest Bank, FSB on August 4, 2010. (Doc. 11-2). On January 5, 2011, the subject property was sold at a foreclosure sale. (Opposition at 19 (Doc. 19)).

**STANDARD**

The Court may dismiss a complaint as a matter of law pursuant to Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable

4

inferences in favor of the non-moving party. <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. <u>Id.</u> at 699. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

In <u>Bell Atl. Corp. v. Twombly</u>, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. 550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555.

More recently, in <u>Ashcroft v. Iqbal</u>, the Supreme Court clarified that the principles announced in <u>Twombly</u> are applicable in all civil cases. 129 S.Ct. 1937 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." <u>Id.</u> at 1949 (citing <u>Twombly</u>, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

## ANALYSIS

The Complaint contains the following 11 counts:

**Count 1:** "Violations of Statutory Duties" pursuant to the Real Estate Settlement Procedures Act (12 USC 2601 et. seq.), the Equal Credit Opportunity Act (Reg. B, 12 CFR 202) and the Fair Credit Reporting Act (15 USC 1681), and the Truth in Lending Act (12 CFR Sec. 226.23(h)

**Count 2:** Fraud

**Count 3:** Mistake

**Count 4:** Unconscionability

**Count 5:** Unfair and Deceptive Acts or Practices

**Count 6:** Breach of Fiduciary Duties

**Count 7:** Failure to Act in Good Faith

**Count 8:** Injunctive Relief

**Count 9:** Recoupment

**Count 10:** Unjust Enrichment

**Count 11:** Negligent and/or Intentional Infliction of Emotional Distress

OneWest Moves to Dismiss all Counts on the ground that they fail to state claims upon which relief can be granted. Plaintiff's counsel, Robin Horner, has filed several virtually identical complaints on behalf of other plaintiffs that assert the same counts with the same wording, and with little variation other than the names of the parties involved. These boilerplate complaints have been routinely dismissed in their entirety for woefully failing to meet the minimum pleading requirements of Federal Rule of Civil Procedure 8. <u>See, e.g.</u>, <u>Daqupion v. Green Tree Servicing, LLC</u>, 2011 WL 2532848 (D. Haw. 2011). Plaintiff's counsel has repeatedly been put on notice that these complaints are insufficiently pled. In <u>Daqupion</u>, the court pointed out that it had already dismissed a very similar complaint, and warned counsel that he should consider filing amended versions in the future:

> In [a previous case before the court], the court rejected Horner's boilerplate Complaint and cautioned him to consider filing amended Complaints in the future . . . .

7

> The Complaint in this case is virtually identical to the one dismissed [previously]. Horner has known for at least three months that this boilerplate Complaint was rejected by this court and yet never filed an Amended Complaint in this case.

2011 WL 2532848, at *2; see also Cootey v. Countrywide Home Loans, Inc., 2011 WL 2441707, at *3 (D. Haw. 2011) (listing cases that have dismissed a similar complaint brought by Mr. Horner, and warning that "these deficient complaints result in a waste of parties' and this court's resources, and Plaintiffs' counsel must be mindful of his duty to bring claims that are 'warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'") (quoting Federal Rule of Civil Procedure 11(b)(2)).

The Complaint in this case similarly fails to state a claim.

## Count 1: "Statutory Violations"

In Count 1, Plaintiff claims that "Defendant or one or more of them" are liable for violations of four federal statutes: "the Real Estate Settlement Procedures Act (12 USC 2601 et. seq.), the Equal Credit Opportunity Act (Reg. B, 12 CFR 202) and the Fair Credit Reporting Act (15 USC 1681), and the Truth in Lending Act (12 CFR Sec. 226.23(h)." (Complaint at ¶ 50 (Doc. 1)). Plaintiff alleges that he was not provided with various disclosures required by these statutes. Plaintiff does not indicate what wrongful action or omission violated which law, or which particular Defendant

committed which violation.

Count 1 fails to meet the minimum pleading standard of Federal Rule of Civil Procedure Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  As the district court stated in <u>Kupahu v. BAC Home Loans Servicing, LP</u>, 2010 WL 2734774, at *4 (D. Haw. 2010), discussing an identically worded count:

> While the Background of the Amended Complaint outlines a laundry list of Countrywide's alleged failures to provide various documents and information to Plaintiffs, Count I fails to identify what particular conduct Plaintiffs assert violates each of these laws, or even the particular provisions of these laws that Defendants allegedly violated.  By failing to put forth any specific factual or legal allegations—and link those allegations to the particular statutory violations—Plaintiffs do not provide Defendants with fair notice of the wrongs they have allegedly committed.

Just as in <u>Kupahu</u>, the identically worded Count 1 at issue in this case is insufficiently pled.

Count 1, for "statutory violations," is **DISMISSED WITH LEAVE TO FILE A MOTION TO AMEND.**


**Counts 2 and 3: Fraud and Mistake**

Plaintiff claims that "Defendant and or one or more of them" committed fraud by misrepresenting his income, failing to disclose the true terms of the loan, failing to inform Plaintiff that he had a high likelihood of defaulting on the loan, and failing to follow reasonable underwriting guidelines when qualifying Plaintiff for

the loan. Alternatively, Plaintiff claims that he is entitled to a rescission of the note and mortgage based on mutual mistake.

When pled in federal court, fraud and mistake claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). See, e.g., Kapahu v. BAC Home Loans Servicing, LP, 2010 WL 2734774, at *3 (D. Haw. 2010).[2] Rule 9(b) requires a party asserting a fraud or mistake claim to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009) (internal citation and quotation marks omitted). A plaintiff "must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988). The circumstances constituting fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA (9th Cir. 2002) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)).

Plaintiff's fraud and mistake allegations fail to meet the standard required by Rule 9(b). Plaintiff fails to specify which

---

[2] Hawaii Rule of Civil Procedure 9(b) similarly requires averments of fraud to be plead with heightened particularity. See Giles v. Giles, 37 P.3d 589, 593 (Haw. Ct. App. 2001).

Defendant allegedly made false representations, and when and how the false representations occurred. The Complaint also fails to allege grounds on which OneWest, as an assignee, would be liable for fraudulent misrepresentations made by the originating lender. See, e.g., Stoudt v. Alta Fin. Mort., 2009 WL 661924, at *2 (E.D.Pa. 2009). As stated in Kupahu, discussing identically worded fraud and mistake claims, "These allegations are insufficient to meet Plaintiffs' burden under Rule 8, much less the more rigorous requirements of Rule 9 that apply to these claims." 2010 WL 2734774, at *5.

Counts 2 and 3, for fraud and mistake, are **DISMISSED WITH LEAVE TO FILE A MOTION TO AMEND.**


**COUNT 4: Unconscionability**

Plaintiff claims that he is entitled to a rescission of the note and mortgage because the terms and conditions are unconscionable. Unconscionability may be asserted to prevent the enforcement of a contract where "the clauses are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract . . . ." Lewis v. Lewis, 748 P.2d 1362, 1366 (Haw. 1988) (citations omitted). Unconscionability is "generally a defense to the enforcement of a contract, and is not a proper claim for affirmative relief." Mier v. Lordsman, Inc., 2011 WL 285862, at *11 (D. Haw. 2011).

Plaintiff has not plead his unconscionability claim with the minimum degree of specificity necessary under Federal Rule of Civil Procedure 8 to give the Defendants notice of the basis for the claim. Plaintiff does not identify a single term or condition of the mortgage contract that is unconscionable. See Kupahu, 2010 WL 2734774, at *6 (discussing a similarly worded unconscionability count and stating, "it remains unclear what precise loan transaction is at issue, what terms and conditions of the mortgage loan Plaintiffs assert are unconscionable, how Plaintiffs believe those terms and conditions are unconscionable, and the factual basis for why each Defendant is liable for this claim.").

Count 4, for unconscionability, is **DISMISSED WITH LEAVE TO FILE A MOTION TO AMEND.**


**COUNT 5: UNFAIR AND DECEPTIVE ACTS OR PRACTICES**

Plaintiff claims that acts by "defendant or one or more of them" constitute unfair and deceptive acts or practices in violation of 15 U.S.C. § 1802, *et seq.*, and Hawaii Revised Statutes ("HRS") 480-2; 480-13. HRS § 480-2(a) prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." HRS § 480-13 provides a private cause of action to consumers who have been injured by an unfair or deceptive act or practice prohibited by HRS § 480-2. The federal statute Plaintiff cites is located within the United States

Code chapter on Newspaper Preservation, and appears to have been cited in error.  Plaintiff has not pled facts that would explain the statute's relevance to this action.

As with the other counts in his Complaint, Plaintiff's unfair and deceptive acts or practices claim is pled in a conclusory manner with no reference to any of the basic facts underlying it. The claim plainly fails to meet the minimum requirements of Federal Rule of Civil Procedure 8. See Kupahu, 2010 WL 2734774, at *6 (dismissing an identically worded claim for being "wholly conclusory"); see also Rymal v. Bank of America, 2010 WL 1361441, at *7-8 (D. Haw. 2011).


**COUNT 6: BREACH OF FIDUCIARY DUTIES**

Plaintiff claims that "Defendant or one or more of them" breached fiduciary duties by misrepresenting the terms of the loan, improperly qualifying him for the loan, and not disclosing information that would allow Plaintiff to know that he had a substantial likelihood of defaulting.

It is well-settled that a borrower-lender relationship is not fiduciary in nature unless a special relationship exists between the borrower and lender. See McCarty v. GCP Mgmt., LLC, 2010 WL 4812763, at *5 (D. Haw. 2010) (collecting cases).  A special relationship giving rise to fiduciary duties "might exist if a bank offers any provision of trust or fiduciary services, or otherwise

agrees to serve as a financial advisor." <u>River Colony Estates Gen.</u> <u>P'ship. v. Bayview Fin. Trading Grp.</u>, 287 F. Supp. 2d 1213, 1224 (S.D. Cal. 2003). Fiduciary duties may also arise if a lender "excessively controls or dominates the borrower." <u>Periguerra v.</u> <u>Meridas Capital, Inc.</u>, C 09-4748 SBA, 2010 U.S. Dist. LEXIS 8082, at *7 (N.D. Cal. Feb. 1, 2010).

Plaintiff has not plead any facts to show that his borrow-lender relationship involved special circumstances giving rise to fiduciary duties. Bald assertions in the Complaint that a fiduciary duty exists fail to satisfy the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1951; <u>Shepherd v. Am. Home Mortg. Servs., Inc.</u>, 2009 U.S. Dist. LEXIS 108523, at *2 (E.D. Cal. Nov. 20, 2009) ("Plaintiff cites no authority for the proposition that [Defendants] owed a duty to not cause plaintiff harm . . . . In fact, loan servicers do not owe a duty to the borrowers of the loans they service.").

Count 6, for breach of fiduciary duties, is **DISMISSED WITH LEAVE TO FILE A MOTION TO AMEND.**


**COUNT 7: FAILURE TO ACT IN GOOD FAITH**

Plaintiff claims that "Defendant or one or more of them" failed to deal with him in good faith by, among other things, misrepresenting material information, not providing necessary disclosures, failing to disclose that he was not qualified for the

loan, and failing to disclose that he was likely to default.

Some courts have suggested that a claim based on a breach of
the implied covenant of good faith and fair dealing (or the tort of
bad faith) may only be brought in the insurance context. See, e.g.,
Kelly v. Bank of America, 2011 WL 2493048, at *4 (D. Haw. 2011)
("[A]lthough bad faith is an accepted tort where the plaintiff is
a party to an insurance contract, the tort has not been recognized
in Hawaii based upon a mortgage loan contract."); Stoebner Motors,
Inc. v. Automobili Lamborghini S.P.A., 459 F.Supp.2d 1028, 1037-38
(D. Haw. 2006). These courts did not rely on the fact that the
claim involved a mortgage contract rather than an insurance
contract as the only basis for dismissing the claim. See, e.g.,
Kelly, 2011 WL 2493048, at *4 ("[E]ven assuming a bad faith tort
exists outside the insurance context, [there are other grounds in
this case to dismiss the claim] . . . .").

The Hawaii Supreme Court has not established a cause of action
for breach of the implied covenant of good faith and fair dealing
(the tort of bad faith) outside the insurance context. Even if the
cause of action may be asserted in relation to a mortgage,
Plaintiff has failed to allege sufficient factual detail to support
it. Plaintiff vaguely refers to a series of misrepresentations and
other wrongs, but fails to identify the particular Defendant that
committed them and when. No allegations have been presented that
would support liability for OneWest as assignee, for acts committed

by the originating lender. <u>See</u> <u>Kupahu</u>, 2010 WL 2734774, at *7; <u>Rymal</u>, 2010 WL 1361441, at *8.

Count 7, for failure to act in good faith, is **DISMISSED WITH LEAVE TO FILE A MOTION TO AMEND**.


**COUNT 8: INJUNCTIVE RELIEF**

In Count 8, Plaintiff requests injunctive relief and a stay of any foreclosure proceedings. Injunctive relief is a remedy, not an independent cause of action. <u>See,</u> <u>e.g.</u>, <u>Rosal v. First Fed. Bank of Cal.</u>, 671 F. Supp. 2d 1111, 1136 (N.D. Cal. 2009) ("A request for injunctive relief by itself does not state a cause of action."); <u>Mangindin</u>, 637 F. Supp 2d at 709 ("[I]njunctive relief [is] not [an] independent cause[] of action.").

Plaintiff appears to base his request for injunctive relief on the other claims in his Complaint. Because Plaintiff's other claims are all dismissed, Plaintiff's derivative claim for injunctive relief must also be dismissed. <u>See</u> <u>Kupahu</u>, 2010 WL 2734774, at *7.

OneWest argues that an injunction preventing foreclosure is moot because the foreclosure has already taken place, and that this claim should be dismissed with prejudice. As the relief Plaintiff's claim for injunctive relief requests is unclear, the injunction request is not dismissed as moot.

Count 8, for injunctive relief, is **DISMISSED WITH LEAVE TO**

16

**FILE A MOTION TO AMEND.**


**COUNT 9: RECOUPMENT**

In Count 9, Plaintiff requests an "equitable recoupment" of all monies paid with regard to the loan transaction. (Complaint at ¶ 86 (Doc. 1)).  Plaintiff fails to allege a factual basis for this claim, and appears to base the claim on the others claims for relief in his Complaint.  As the other claims in the Complaint are dismissed, Plaintiff's derivative claim for recoupment also fails.

Plaintiff also fails to state the legal basis for this claim. While section 1640(e) of TILA allows borrowers to seek a recoupment or set-off of damages sustained from TILA violations against money owed to the lender, a TILA recoupment may be asserted "only as a 'defense' in an 'action to collect a debt.'" <u>Ortiz v. Accredited Home Lenders, Inc.</u>, 639 F. Supp.2d 1159, 1164 (S.D. Cal. 2009). Plaintiff has not asserted his recoupment claims as a "defense" to an action to collect a debt.  Plaintiff has failed to state the statutory or other legal basis for his request for recoupment.  It is conceivable, however, that Plaintiff could add factual content and legal support that would state a claim for recoupment.

Count 9, for recoupment, is **DISMISSED WITH LEAVE TO FILE A MOTION TO AMEND.**  Plaintiff must state the statutory or other legal basis for a recoupment claim if he asserts it in a proposed amended complaint.

**COUNT 10: UNJUST ENRICHMENT**

In Count 10, Plaintiff alleges that, as a result of the various wrongful acts alleged throughout the Complaint, "defendant and or one of them" are liable for unjust enrichment. To state a claim for unjust enrichment, a plaintiff must allege that "he or she conferred a benefit upon the opposing party and that the retention of that benefit would be unjust." <u>Durette v. Aloha Plastic Recycling, Inc.</u>, 100 P.3d 60, 74 (Haw. 2004).

As Plaintiff has failed to specify the factual allegations underlying his claim for unjust enrichment, Plaintiff has failed state an unjust enrichment claim. <u>See</u> <u>Rymal</u>, 2010 WL 1361441, at *10 (dismissing identically worded unjust enrichment claim, stating, "Plaintiff fails to plead any factual allegations to suggest that this claim is plausible, and it remains entirely unclear who Plaintiff alleges these claims against.").

Count 10, for unjust enrichment, is **DISMISS WITH LEAVE TO FILE A MOTION TO AMEND.**


**COUNT 11: NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiffs claims that he was subjected to negligent or intentional infliction of emotional distress by being misled into taking out a loan that he was not qualified for and would likely be unable to afford.

A negligent infliction of emotional distress claim is "nothing more than a negligence claim in which the alleged actual injury is wholly psychic and is analyzed utilizing ordinary negligence principles." Doe Parents No. 1 v. State, 58 P.3d 545, 580 (Haw. 2002) (internal citations and quotation marks omitted). A plaintiff may recover for negligent infliction of emotional distress "where a reasonable [person], normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." Id. To state a claim for negligent infliction of emotional distress, a plaintiff must allege that, incident to the plaintiff's injuries, "someone was physically injured by the defendant's conduct, be it the plaintiff himself or herself or someone else." Id. at 580-81. (citations omitted).

To state a claim for intentional infliction of emotional distress, a plaintiff must allege: "(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another." Enoka v. AIG Haw. Ins. Co., 128 P.3d 850, 872 (Haw. 2006) (internal citation and quotation marks omitted).

Plaintiff fails to allege facts sufficient to state a claim for either negligent or intentional infliction of emotional distress. As the court stated in Kupahu, discussing the same claim (within the same boilerplate complaint): "the allegations are simply too generalized and lacking in clarity to satisfy the

requirements of Rule 8, and as pled, it does not appear that [the defendant] engaged in any conduct that would support an NIED or IIED claim." 2010 WL 2734774, at *7; <u>see also</u> <u>Rymal v. Bank of America</u>, 2011 WL 1361441, at *10-11.

Count 11, for negligent and/or intentional infliction of emotional distress, is **DISMISSED WITH LEAVE TO FILE A MOTION TO AMEND.**


**MOTION TO AMEND**

Plaintiff must attach a proposed amended complaint to any motion for leave to file an amended complaint. Any proposed amended complaint must contain sufficient factual detail, including the dates of the relevant transactions for statute of limitations purposes, to state a claim for relief that is plausible. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009); <u>see also</u> <u>Parrino</u>, 146 F.3d at 706 (plaintiffs should not be able to survive a "Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based . . . .").

Plaintiff's counsel is strongly advised to review the requirements of Federal Rule of Civil Procedure 11 before filing a motion to amend and proposed amended complaint. Any claim asserted by the Plaintiff must contain a factual basis, which Plaintiff must specifically allege for each claim asserted. Plaintiff must distinguish between the Defendants, and specifically identify which

Defendant is alleged to have committed which wrongful acts. Any proposed amended complaint must expressly state whether any claims are based on acts committed by the original lender or an assignee. Plaintiff's counsel is advised to consult 12 U.S.C. § 1821 to determine whether the Court would have subject-matter jurisdiction over any claims against OneWest as an assignee that are based on wrongful conduct committed by the original lender.

If it becomes clear that Plaintiff's counsel is seeking to assert claims that lack any identifiable basis in fact, and is merely attempting to improperly prolong the litigation or advance a purpose that is improper under Rule 11, the Court may impose sanctions.

**CONCLUSION**

Defendant OneWest Bank, FSB's Motion to Dismiss (Doc. 9) is **GRANTED.**

The Complaint (Doc. 1) is **DISMISSED** in its entirety, **WITH LEAVE TO FILE A MOTION TO AMEND THE COMPLAINT.** Plaintiff must attach a proposed amended complaint to any motion for leave to amend. Any such motion shall be filed no later than August 22, 2011. If Plaintiff fails to file a motion for leave to amend the complaint by that date, the Complaint against Defendant OneWest Bank, FSB will automatically be dismissed with prejudice.

Defendant OneWest Bank, FSB shall file any response to the

motion for leave to amend the complaint by September 5, 2011.


        IT IS SO ORDERED.

        DATED: July 21, 2011, Honolulu, Hawaii.





                                        /S/ Helen Gillmor
                        _____
                        Helen Gillmor
                        United States District Judge




*Earl Kazuichi Fujikawa v. OneWest Bank, FSB, et al.;* Civil No. 11-00151 HG-KSC; **ORDER GRANTING DEFENDANT ONEWEST BANK, FSB'S MOTION TO DISMISS, WITH LEAVE TO FILE A MOTION TO AMEND.**