IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EARL KAZUICHI FUJIKAWA, | ) CIVIL NO. 11-00151 HG-KSC |
| Plaintiff, | ) FINDINGS AND ) RECOMMENDATION TO DISMISS |
| vs. | ) CASE WITH PREJUDICE |
| ONEWEST BANK, FSB dba INDYMAC MORTGAGE SERVICES; LOAN NETWORK, LLC; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS, PARTNERSHIPS OR OTHER ENTITIES 1-10, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## FINDINGS AND RECOMMENDATION TO DISMISS CASE WITH PREJUDICE

A further hearing on the Order to Show Cause ("OSC") filed on April 6, 2012, was held on May 2, 2012. Present were Plaintiff Earl Fujikawa's counsel, Robin Horner, Esq., and Defendant OneWest Bank, FSB's counsel, David Rosen, Esq.

After considering the written submissions, the comments of counsel and the file herein, the Court HEREBY finds and recommends that this case be dismissed with prejudice for the reasons set forth below.

BACKGROUND

Plaintiff commenced this action on March 9, 2011, asserting the following claims: 1) Violations of Statutory Duties pursuant to the Real Estate Settlement Procedures Act, the Equal Credit Opportunity Act, the Fair Credit Reporting Act, and the Truth in Lending Act; 2) Fraud; 3) Mistake; 4) Unconscionability; 5) Unfair and Deceptive Acts or Practices; 6) Breach of Fiduciary Duties; 7) Failure to Act in Good Faith; 8) Injunctive Relief; 9) Recoupment; 10) Unjust Enrichment; and 11) Negligent and/or Intentional Infliction of Emotional Distress.

On July 21, 2011, Senior U.S. District Judge Helen Gillmor issued an Order Granting Defendant OneWest Bank, FSB's Motion to Dismiss, With Leave to File a Motion to Amend ("Dismissal Order"). Judge Gillmor dismissed the Complaint for failure to state a claim, but granted Plaintiff leave to file a motion to amend by August 22, 2011. She advised Plaintiff's counsel to review the requirements of Federal Rule of Civil Procedure ("FRCP") 11 before filing a motion to

amend. Dismissal Order at 20. Judge Gillmor further instructed that

> [a]ny claim asserted by the Plaintiff must contain a factual basis, which Plaintiff must specifically allege for each claim asserted. Plaintiff must distinguish between the Defendants, and specifically identify which Defendant is alleged to have committed which wrongful acts. Any proposed amended complaint must expressly state whether any claims are based on acts committed by the original lender or an assignee.

Id. at 20-21.

On August 22, 2011, Plaintiff filed a Motion for Leave to File First Amended Complaint. On October 12, 2011, this Court heard the motion and denied the same. This Court gave Plaintiff until November 4, 2011, to file a renewed motion to amend.

On November 4, 2011, Plaintiff filed a Renewed Motion for Leave to File First Amended Complaint. On January 26, 2012, the Court issued an Order Denying the Renewed Motion. The Court stated:

> Plaintiff has had ample opportunity to rectify the deficiencies of his original Complaint, and he has simply failed to do so. Defendant will suffer undue prejudice if it is forced to respond to yet another

> deficient pleading. Even assuming, *arguendo*, that some of the claims set forth in the proposed FAC are not frivolous or futile, the fact that the proposed FAC is not acceptable in its current form requires that the Motion be denied. It is not the Court's duty or obligation to advise Plaintiff how to craft his amended pleading and/or which claims he may include in an amended pleading. Plaintiff should have made far greater efforts to present a pleading sufficient to withstand the lenient and liberal FRCP 15 standard for amendment.

Order at 9. Because Defendant was forced to twice oppose Plaintiff's request to amend his Complaint, the Court granted Defendant's request for attorneys' fees and costs. <u>Id.</u> at 9-10. The Court ordered defense counsel to submit a declaration to support the request for fees and costs. <u>Id.</u> at 10.

On February 23, 2012, Plaintiff filed a Motion for Reconsideration of Order Denying Plaintiff's Renewed Motion for Leave to File First Amended Complaint Filed November 4, 2011. On February 28, 2012, the Court issued an Order Denying Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Renewed Motion for Leave to File First Amended

Complaint Filed November 4, 2011.

On March 16, 2012, defense counsel submitted a declaration regarding attorney' fees and costs. Doc. No. 52. On March 20, 2012, the Court issued an Entering Order awarding Defendant $3,373.30 in attorneys' fees and tax and $35.60 in costs. Doc. No. 53. The Court ordered that payment be remitted to Defendant by April 2, 2012. <u>Id.</u>

On April 6, 2012, the Court issued an OSC why the case should not be dismissed with prejudice for failure to prosecute, given the lack of an operative pleading. Moreover, the Court ordered Plaintiff to show cause why he and/or his counsel should not be sanctioned for failure to timely remit payment of the sanction awarded on March 20, 2012.

At the April 18, 2012 OSC hearing, the Court invited Plaintiff to supplement his response to the OSC with a signed declaration and exhibits.

On April 25, 2012, Plaintiff filed an Affidavit with no supporting exhibits.

DISCUSSION

To date, there is no operative pleading and Plaintiff and/or his counsel have not paid the sanction awarded to Defendant. Courts do not take failures to prosecute and failures to comply with Court orders lightly. FRCP 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id. To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Here, dismissal is appropriate given Plaintiff's failure to prosecute and failure to comply with Court orders. The Court, after considering the <u>Pagtalunan</u> factors, finds that they weigh in favor of dismissal.

The public's interest in expeditious resolution of this litigation strongly favors dismissal, <u>id.</u> (quoting <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted), as does the Court's need to manage its docket. Plaintiff's failure to prosecute has interfered with the Court's ability to manage its docket. The Court, not Plaintiff, should control the pace of the docket. <u>Yourish</u>, 191 F.3d at 990; <u>Pagtalunan</u>, 291 F.3d at 642. Notably, there is still no operative pleading in this case. Plaintiff has taken no action and has failed to file a motion or other pleading to advance the case or change the status quo. Trial is scheduled for June 13, 2012 and Plaintiff has had ample opportunity to seek leave to

7

file a properly plead amended complaint.

Like factors one and two, the risk of prejudice to Defendant weighs heavily in favor of dismissal. Plaintiff's actions and inaction have impaired Defendant's ability to proceed to trial and threaten to interfere with the rightful decision of the case. Pagtalunan, 291 F.3d at 642.

Given the present record, the Court believes that less drastic alternatives are not appropriate. This case has been pending for more than a year. Judge Gillmor issued the Dismissal Order on July 21, 2011. Since then, Plaintiff has only made two attempts to present an adequate complaint to the Court. The Court believes that it would be futile to recommend a sanction other than dismissal because a lesser sanction would not successfully compel Plaintiff to take the necessary steps to prosecute this action. Accordingly, this factor supports dismissal.

In addition to the aforementioned reasons, the fact that Plaintiff and his counsel have made no effort to pay the $3,408.90 award of attorneys' fees

8

and costs also justifies dismissal.  Significantly, at the April 18, 2012 hearing on the Order to Show Cause, the Court invited Plaintiff's counsel to submit supplemental declarations and exhibits which would support Plaintiff's inability to pay argument set out in the response filed on April 17, 2012 by Plaintiff's counsel.  Thereafter, on April 25, 2012, Plaintiff filed a declaration which was conclusory and attached no exhibits or proof to substantiate his conclusory statements and his assertion of an inability to pay.

     For example, Plaintiff stated that he was unable to pay because of a recent divorce, that his employment status had changed from full-time to part-time and that he was attempting to obtain a personal loan.  However, Plaintiff did not provide a copy of his Divorce Decree or property agreement incident to his divorce.  Plaintiff did not provide copies of his paychecks reflecting his change in work from full-time to part-time or his monthly income, copies of loan applications or copies of bills showing his monthly living expenses.  All of the above documents are or should be in the possession of Plaintiff or should be

9

readily available to him.  Further, Plaintiff asks to pay the sanctions award over time but he does not state how much he could afford to pay each month or how much time he would require to complete payment.  Finally, Plaintiff and his counsel have made no payment and apparently have offered no amount, partial payment or presented a payment plan to defense counsel in a good faith effort to satisfy or compromise the sanction award.

Under the circumstances and noting that the Court specifically allowed Plaintiff's counsel an opportunity to submit supplemental declarations and proof regarding Plaintiff's alleged inability to pay, considering the barren record before it, the Court affirms the previous award of attorneys' fees and costs in favor of Defendant.  Plaintiff having made absolutely no payment or partial payment to date and apparently having made no offer to pay Defendant over time, the Court further finds and recommends that this case be dismissed with prejudice for failure to comply with the Court's January 26, 2012 and March 20, 2012 Orders awarding and directing the payment of $3,408.90

in attorneys' fees and costs.

This Court is mindful of the public policy favoring disposition of cases on their merits. However, four of the Pagtalunan factors weigh heavily in favor of dismissal, and under the particular facts of this case, the Court is left with no other reasonable alternative but to recommend dismissal with prejudice.

CONCLUSION

Based on the foregoing, this Court FINDS AND RECOMMENDS that the action be DISMISSED WITH PREJUDICE pursuant to FRCP 41(b) for failure to prosecute and failure to comply with the Court's Orders.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 3, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 11-00151 HG-KSC; FUJIKAWA V. ONEWEST BANK, FSB, et al.; FINDINGS AND RECOMMENDATION TO DISMISS CASE WITH PREJUDICE