IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Earl Kazuichi Fujikawa, | ) | Civ. No. 11-00151 HG-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| One West Bank, FSB dba Indymac | ) | |
| Mortgage Services; Loan | ) | |
| Network, LLC; John DOES 1-10; | ) | |
| Jane ROES 1-10; DOE | ) | |
| Corporations, Partnerships or | ) | |
| Other Entities 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS CASE WITH PREJUDICE (DOC. 68)**
**AND**
**GRANTING DEFENDANT ONE WEST BANK, FSB'S MOTION TO: (1) EXPUNGE THE NOTICE OF PENDENCY OF ACTION FILED BY PLAINTIFF ON MARCH 9, 2011; and (2) TO DISMISS CASE WITH PREJUDICE; AND DENYING REQUEST FOR ATTORNEYS' FEES AND COSTS (DOC. 60)**

On March 9, 2011, Plaintiff Earl Kazuichi Fujikawa filed a Complaint alleging various claims in connection with a mortgage transaction. (Doc. 1).

On July 21, 2011, the Court issued an Order dismissing the Complaint, and granting Plaintiff leave to file a motion for leave to file an amended complaint. (Doc. 24).

On October 12, 2011, the Magistrate Judge issued an Order denying Plaintiff leave to file an amended complaint. (Doc. 31).

On January 6, 2012, the Magistrate Judge issued an Order denying Plaintiff's Renewed Motion for Leave to File a First

1

Amended Complaint. (Doc. 41).

On April 6, 2012, the Magistrate Judge issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. (Doc. 55).

On April 18, 2012, Defendant One West Bank, FSB ("Defendant") filed a Motion to: (1) Expunge the Notice of Pendency of Action filed by Plaintiff on March 9, 2011; and (2) to Dismiss Case With Prejudice. (Doc. 60).  In the Motion, Defendant also requests an award of attorneys' fees and costs.

On May 3, 2012, the Magistrate Judge issued a Findings and Recommendation to Dismiss Case With Prejudice. (Doc. 68).

The Magistrate Judge's Findings and Recommendation (Doc. 68) is **ADOPTED.**

Defendant One West Bank, FSB's Motion (Doc. 60) is **GRANTED IN PART AND DENIED IN PART.**  The Motion to Expunge the Pendency of Action and Dismiss the Case With Prejudice is **GRANTED.**  The Request for Attorneys' Fees and Costs is **DENIED.**

## MOTIONS BEFORE THE COURT

The Magistrate Judge's Findings and Recommendation ("F&R") to Dismiss Case With Prejudice recounts the procedural history of the case in detail.  Before the Court is the F&R recommending dismissal (Doc. 68) and the Motion filed on April 18, 2012, by Defendant One West Bank, FSB, to: (1) Expunge the Notice of

Pendency of Action filed by Plaintiff on March 9, 2011; (2) to Dismiss Case With Prejudice, and (3) be Awarded Attorneys' Fees and Costs (Doc. 60).

## I. Findings and Recommendation

A magistrate judge may be assigned to prepare findings and recommendation for a district judge on a matter that is dispositive of a claim. Fed. R. Civ. P. 72(b)(1). If a party objects to the magistrate judge's findings and recommendation, the district court must review de novo those portions to which objection is made. United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b)(2). The district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," or recommit the matter to the magistrate judge with further instructions. 28 U.S.C. § 636(b)(1); Raddatz, 447 U.S. at 673-74; Fed. R. Civ. P. 72(b)(3).

De novo review means the district court must consider the matter anew, as if the matter had not been heard before and no previous decision rendered. Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992). The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

On May 3, 2012, the Magistrate Judge issued a Findings and Recommendation to Dismiss Case With Prejudice based on Plaintiff's failure to prosecute and failure to comply with Court Orders.  Plaintiff's Objections to the Findings and Recommendation were due on May 21, 2012.  No Objections have been filed.  The Findings and Recommendation is **ADOPTED.**


## II.   Motion to Expunge Pendency of Action, Dismiss Case With Prejudice, and Be Awarded Attorneys' Fees and Costs

Defendant One West Bank, FSB ("Defendant") Moves the Court to expunge a Notice of Pendency of Action that Plaintiff recorded against the property that is the subject of the Complaint herein, and to dismiss the case with prejudice.  Defendant also requests an award of attorneys' fees and costs.

Defendant argues that the Plaintiff has refused to release the Notice of Pendency of Action, despite Plaintiff's Complaint having been dismissed and no operative complaint being on file.  Defendant argues that it is entitled to expungement of the Notice of Pendency of Action and an award of attorneys' fees and costs pursuant to H.R.S. § 507D-7.  Defendant argues that the case should be dismissed with prejudice because the Plaintiff's Complaint has already been dismissed and the Plaintiff has been denied leave to file an amended complaint.  The Plaintiff has not filed an Opposition to Defendant's Motion.

When the Motion was filed on April 18, 2012, the case had not yet been dismissed with prejudice.  The adoption of the Magistrate Judge's Findings and Recommendation GRANTS the request for dismissal with prejudice.  The question of the lien and attorneys' fees and costs before the District Court remains.

### A.    Expungement of the Notice of Pendency of Action

A Notice of Pendency of Action ("NOPA") is a document recorded at the Bureau of Conveyances that provides notice that an action challenges title to real property. <u>Sports Shinko Co., Ltd. v. QK Hotel, LLC</u> 457 F.Supp.2d 1121, 1125 (D. Haw. 2006).  On March 9, 2011, the Plaintiff filed a NOPA in which he alleges that he is challenging title to real property through this action. (Notice of Pendency of Action (Doc. 4)); (Exhibit A, Attached to Defendant's Motion (Doc. 62-1)).  As the case is dismissed with prejudice, there is no remaining basis for the NOPA.  Defendant's Motion to Expunge the NOPA is **GRANTED.**

### B.    Attorneys' Fees and Costs Pursuant to H.R.S. § 507D-7

Defendant seeks attorneys' fees and costs pursuant to H.R.S. § 507D-7, which provides in relevant part:

> (a) If the circuit court finds the purported lien invalid, it shall order the registrar to expunge the instrument purporting to create it, and order the lien claimant to pay actual damages, costs of suit, and reasonable attorneys' fees. This order shall be presented

to the registrar for recordation and shall have the effect of voiding the lien from its inception. If the circuit court finds the purported lien is frivolous, the prevailing party in any action brought under section 507D-4 shall be awarded costs of suit, reasonable attorneys' fees, and either actual damages or $5,000, whichever is greater. The foregoing award shall be made in the form of a joint and several judgment issued in favor of the prevailing party and against each lien claimant and also against each person who owns or controls the activities of the lien claimant if the lien claimant is not a natural person.

The award of attorneys' fees and costs provided for under H.R.S. § 507D-7 applies only to non-consensual common law liens and not those provided for by statute. H.R.S. § 507D-3 ("Nothing in this chapter is intended to affect . . . [a]ny lien provided for by statute . . . ."); Knauer v. Foote, 63 P.3d 389, 395-96 (Haw. 2003). The Plaintiff filed a notice of pendency of action challenging title to real property. (Exhibit A, attached to Defendant's Motion (Doc. 62-1)). A notice of pendency of action is a statutory lien provided for under H.R.S. § 501-151 (for registered land) and H.R.S. § 634-51 (for unregistered land), and the provision for attorneys' fees and costs under Chapter 507D of the H.R.S. does not apply to it. Knauer, 63 P.3d at 396.

As the attorneys' fees and costs remedy provided for under H.R.S. § 507D-7 does not apply to statutory liens such as Plaintiffs' NOPA, Defendant's Request for Attorneys' Fees and Costs is **DENIED.**

## CONCLUSION

6

The Magistrate Judge's Findings and Recommendation to Dismiss Case With Prejudice (Doc. 68) is **ADOPTED.**

Defendant One West Bank, FSB's Motion to: (1) Expunge the Notice of Pendency of Action filed by Plaintiff on March 9, 2011; (2) to Dismiss Case With Prejudice; and (3) be Awarded Attorneys' Fees and Costs (Doc. 60) is **GRANTED IN PART AND DENIED IN PART,** as follows:

The Motion to Expunge the Pendency of Action is **GRANTED.** The Motion to Dismiss Case With Prejudice is **GRANTED.**  An award of attorneys' fees and costs is **DENIED.**

Plaintiff's Notice of Pendency of Action, a copy of which is attached as Exhibit A to Defendant's Motion (Doc. 62-1)), is hereby **ORDERED EXPUNGED.**

IT IS SO ORDERED.

DATED: May 30, 2012, Honolulu, Hawaii.



                                          /S/ Helen Gillmor
                                    _____
                                    Helen Gillmor
                                    United States District Judge

*Earl Kazuichi Fujikawa v. OneWest Bank, FSB, et al.;* **ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS CASE WITH PREJUDICE (DOC. 68) AND GRANTING DEFENDANT ONE WEST BANK, FSB'S MOTION TO (1) EXPUNGE THE NOTICE OF PENDENCY OF ACTION FILED BY PLAINTIFF ON MARCH 9, 2011; AND (2) TO DISMISS CASE WITH PREJUDICE; AND DENYING REQUEST FOR ATTORNEYS' FEES AND COSTS (Doc. 60).**